IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| JOSHUA PRAYLOR | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 7-03-CV-247-BD |
| | § | |
| JAMES PARTRIDGE, ET AL. | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Defendants James D. Mooneyham, James Partridge, Martin F. Trones, and Kelli Ward have filed a motion for judgment on the pleadings in this *pro se* prisoner civil rights action. For the reasons stated herein, the motion is granted in part and denied in part.

I.

Plaintiff Joshua Praylor, a former inmate at the Allred Unit of the TDCJ-ID,[1] alleges that James Partridge, the prison laundry manager, discriminated against him because he is homosexual. According to plaintiff, Partridge would not let him perform his assigned job in the laundry department and then cited him for a disciplinary infraction for refusing to work. When plaintiff protested this decision, Partridge allegedly responded, "I don't want you working in here with me, they didn't ask my opinion before they put you in here. I refuse to work around a homosexual therefore I'll write you a case until they move you out." (Plf. Compl., Attch; *see also Spears* Quest. #1). Plaintiff also complained to various supervisors, including Assistant Warden James D. Mooneyham, Captain Martin F. Trones, and Regional Grievance Coordinator Kelli Ward, about his treatment. However, his grievances were denied.

---

[1] Plaintiff was transferred to the Hughes Unit of the TDCJ-ID prior to filing this suit.

Plaintiff now sues for civil rights violations under 42 U.S.C. § 1983. In his complaint and interrogatory answers, plaintiff alleges that defendants have discriminated, harassed, and retaliated against him on account of his sexual orientation, thereby violating his constitutional right to equal protection under the law. Defendants have filed a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).[2] As grounds for their motion, Mooneyham, Trones, and Ward argue that no facts are alleged to establish their personal involvement in the incident made the basis of this suit. Partridge seeks dismissal on the ground of qualified immunity.[3] The issues have been fully briefed by the parties and the motion is ripe for determination.

II.

A motion for judgment on the pleadings provides a vehicle for the summary adjudication of a claim or defense after the pleadings are closed but before trial. FED. R. CIV. P. 12(c); *Hebert Abstract Co., Inc. v. Touchstone Properties, Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990). Where, as here, a motion for judgment on the pleadings is based on the failure to state a claim, the motion is governed by the same standards that apply to a motion to dismiss under Rule 12(b)(6). *Boswell v. Honorable Governor of Texas*, 138 F.Supp.2d 782, 785 (N.D. Tex. 2000) (citations omitted). The court may look only to the pleadings and must accept all well-pleaded facts alleged therein as true. *St. Paul Fire and Marine Ins. Co. v. Convalescent Services, Inc.*, 193 F.3d 340, 342 (5th Cir. 1999). However, the court need not accept the non-movant's legal conclusions, unfounded facts, or unreasonable factual inferences. *Chalmers v. Wilhelm*, 2001 WL 1142706 at *1 (N.D. Tex. Sept. 25, 2001) (Fitzwater, J.), *citing* 5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE

---

[2] Although defendants were given the opportunity to file a motion for summary judgment under Fed. R. Civ. P. 56, they elected to file a Rule 12(c) motion for judgment on the pleadings. *See* Order, 3/15/05.

[3] Defendants also assert Eleventh Amendment immunity to the extent they are sued in their official capacities. However, plaintiff sues defendants only in their individual capacities.

§ 1368 at 518-19 (2d ed. 1990). Judgment on the pleadings is appropriate only if the material facts are not in dispute and questions of law are all that remain. *Voest-Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887, 891 (5th Cir.), *cert. denied*, 119 S.Ct. 591 (1998).

A.

The court agrees that plaintiff has failed to state a claim for relief against Mooneyham, Trones, and Ward. It is apparent from his complaint and interrogatory answers that plaintiff sues these defendants because they failed to take corrective action in response to his grievances. However, as supervisors, Mooneyham, Trones, and Ward are liable only if: (1) they affirmatively participated in acts that caused a constitutional deprivation; or (2) implemented unconstitutional policies that result in injury to plaintiff. *See Mouille v. City of Live Oak, Texas*, 977 F.2d 924, 929 (5th Cir. 1992), *cert. denied*, 113 S.Ct. 2433 (1993). Plaintiff does not contend that any of these defendants prohibited him from working in the prison laundry or cited him for a disciplinary infraction because he is homosexual. Nor does plaintiff point to an official policy, custom, or practice implemented by defendants that sanctions or condones the disparate treatment of prisoners based on their sexual orientation. Rather, plaintiff blames Mooneyham, Trones, and Ward for failing to properly investigate his grievances. Even if proved, such a claim is not actionable under 42 U.S.C. § 1983. *See Rader v. Lubbock County, Texas*, 2003 WL 21145788 at *10-15 (N.D. Tex. Apr. 25, 2003) (failure to take corrective action in response to grievance does not rise to level of "personal involvement").

B.

Partridge seeks dismissal of plaintiff's equal protection claim on the ground of qualified immunity.

1.

Prison officials are immune from suit for discretionary acts performed in good faith while acting within the scope of their authority, unless their conduct violates a "clearly established statutory or constitutional right of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). The Supreme Court has clarified the analytical structure under which a claim of qualified immunity should be addressed. *See Siegert v. Gilley*, 500 U.S. 226, 231-33, 111 S.Ct. 1789, 1793, 114 L.Ed.2d 277 (1991). First, the court must determine "whether plaintiff's allegations, if true, establish a constitutional violation." *Hope v. Pelzer*, 536 U.S. 730, 736, 122 S.Ct. 2508, 2513, 153 L.Ed.2d 666 (2002); *Siegert*, 111 S.Ct. at 1793. If the plaintiff sufficiently alleges the violation of a constitutional right, the court must decide whether that right was clearly established at the time of the alleged violation and whether the conduct of the official was objectively unreasonable under the circumstances. *Siegert*, 111 S.Ct. at 1789.

A constitutional right is clearly established if the contours of that right are "sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Hope,* 122 S.Ct. at 2515, *quoting Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987). This does not require proof that the specific conduct in question has been held unlawful in "fundamentally similar" or "materially similar" cases. Rather, the salient question is whether the state of the law at the time gives officials fair warning that their conduct is unconstitutional. *Id.* at 2515-16, *quoting United States v. Lanier*, 520 U.S. 259, 269, 117 S.Ct. 1219, 1226-27, 137 L.Ed.2d 432 (1997). Stated differently, "the right is clearly established if, based on pre-existing law, the unlawfulness of the conduct in question is apparent." *Shipp v. McMahon*, 234 F.3d 907, 915 (5th Cir. 2000), *cert. denied*, 121 S.Ct. 2193 (2001).

2.

Plaintiff alleges that Partridge violated his right to equal protection under the law by discriminating, harassing, and retaliating against him on account of his sexual orientation. To prevail on this claim, plaintiff must allege facts which, if proved, demonstrate that "he received treatment different from that received by similarly-situated individuals and that the unequal treatment stemmed from discriminatory intent." *Priester v. Lowdnes County*, 354 F.3d 414, 424 (5th Cir.), *cert. denied*, 125 S.Ct. 153 (2004). The Fifth Circuit has held that state prison officials may not discriminate against homosexuals unless there is a "rational basis" for their action. *See Johnson v. Johnson*, 385 F.3d 503, 532 (5th Cir. 2004), *citing Romer v. Evans*, 517 U.S. 620, 631-32, 116 S.Ct. 1620, 1627, 134 L.Ed.2d 855 (1996). That right was clearly established by circuit precedent at the time of the incident made the basis of this suit. *Id.*

Partridge makes no attempt to articulate any legitimate penological interest in prohibiting plaintiff from working in the prison laundry department and then citing him for a disciplinary infraction for refusing to work. By contrast, plaintiff specifically alleges that Partridge removed him from his job assignment because "he does not like homosexuals," yet allowed "other inmates similar [sic] situated to work." (*Spears* Quest. #1). This is sufficient at the pleading stage to establish an equal protection violation and overcome the defense of qualified immunity. *Id.* (holding that district court properly denied Rule 12(c) motion seeking dismissal on ground of qualified immunity where defendants failed to articulate any legitimate interest justifying classification decisions regarding homosexual inmates).[4]

---

[4] Partridge further argues that plaintiff does not have a constitutionally protected liberty or property interest in his prison job assignment. (*See* Def. Mot. at 6). While that is a correct statement of the law for claims arising under the due process clause, *see Buglar v. United States Bureau of Prisons*, 63 F.3d 48, 49 (5th Cir. 1995), plaintiff makes no such claim in this case.

**CONCLUSION**

Defendants' motion for judgment on the pleadings is granted in part and denied in part. The motion is granted with respect to plaintiff's claims against James D. Mooneyham, Martin F. Trones, and Kelli Ward. All claims against those defendants will be dismissed with prejudice by separate judgment issued today. The motion is denied with respect to plaintiff's equal protection claim against James Partridge.

SO ORDERED.

DATED: June 28, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE